IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:18-CR-3026 |
| vs. | MEMORANDUM AND ORDER |
| ISRAEL DEWAYNE MILEAGE, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 55) filed by the defendant, Israel Mileage. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Dat v. United States*, 920 F.3d 1192, 1194 (8th Cir. 2019).

Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Ford v. United States*, 917 F.3d 1015, 1026 (8th Cir. 2019).

## BACKGROUND

The defendant was convicted in this Court in 2013 of one count of attempted possession of cocaine base with intent to distribute it. No. 4:13-cr-3032 filing 64. He was sentenced to 70 months' imprisonment, which was later reduced to 60 months. No. 4:13-cr-3032 filing 64 and filing 83.

In 2018, having been released, the defendant was arrested in possession of a handgun. Filing 47 at 4. He was charged with a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Filing 1. He pled guilty, *see* filing 39, and was sentenced to 45 months' imprisonment, filing 55.

## DISCUSSION

The defendant's § 2255 motion is based on *Rehaif v. United States*, in which the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[1] 139 S. Ct. 2191, 2200 (2019); *see*

---

[1] *Rehaif* involved possession of a firearm in violation of § 922(g)(5)(A), by an alien unlawfully in the United States, and the Supreme Court expressly reserved judgment "about what precisely the Government must prove to establish a defendant's knowledge of status in

*United States v. Hollingshead*, No. 17-2951, slip op. at 6 (8th Cir. Oct. 3, 2019). The defendant insists that "the government failed to prove that he Knowingly possessed a firearm, and that he knew he fell within the relevant status." Filing 55 at 4. So, the defendant concludes,

> he never knowingly posses[s]ed the firearm in question, and he never was aware that he fell within the relevant status of a[] prohibited person, nor was he ever informed by previous counsel or the court. In light of said facts he concludes that his due process right[] under the Fifth Amendment was infringed upon, because he never adequately was informed or given notice.

Filing 55 at 5.

The problem with the defendant's argument is that it's contradicted, repeatedly, by the record from his drug conviction. In his petition to enter a guilty plea, the defendant acknowledged that his plea meant he would be convicted of a felony, and that a "felony conviction may deprive you of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury *and to possess any kind of firearm*." No. 4:13-cr-3032 filing 48 at 3 (emphasis supplied). At his change of plea hearing the Court specifically advised him that "[w]ith a guilty plea *there will be a felony conviction* and with that felony conviction comes the loss of civil rights. Those rights include the right to vote, the right to serve on a jury, the right to hold a public office, *the right to carry a weapon*." No. 4:13-cr-3032 filing 54 at 9 (emphasis supplied). The defendant said he understood. No. 4:13-cr-3032 filing 54 at 9.

---

respect to other § 922(g) provisions." *Rehaif*, 139 S. Ct. at 2200. For present purposes, the Court assumes that *Rehaif* extends to § 922(g)(1) as well.

So, the defendant was certainly aware that he was convicted of a felony, and specifically that he had been convicted of a crime punishable by imprisonment for a term exceeding one year (having *served* more than a year), and even more specifically that he was barred from possessing a firearm.² *See United States v. Williams*, 776 F. App'x 387, 388 (8th Cir. 2019). The defendant's claims that he was not aware of his previous conviction and that he was not advised of them by previous counsel or the Court cannot be accepted as true because they are contradicted by the record. *See Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016).

## CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the

---

² Also noteworthy is that a condition of the defendant's supervised release was that he not possess a firearm. No. 4:13-cr-3032 filing 64 at 3. And he was specifically informed of that and acknowledged it as well. No. 4:13-cr-3032 filing 86.

issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 55) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 8th day of October, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge